IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., </br></br> Plaintiff, </br></br> v. </br></br> NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA TECHNOLOGIES OY, </br></br> Defendants. | Civil Action No. _____ </br> (Court of Chancery No. 2021-0066-JRS) |

## NOTICE OF REMOVAL

Defendants Nokia Corporation, Nokia of America Corporation, Nokia Solutions and Networks Oy, and Nokia Technology Oy (collectively, "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, remove the above-styled action from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware. In support of removal, Defendants state the following:

1. This action is properly removed to this Court pursuant to the federal removal statute, 28 U.S.C. § 1441 because (i) the action is pending in the Court of Chancery of the State of Delaware, which is within the District of Delaware, and therefore venue is proper under § 1441(a); (ii) this Court has original federal question jurisdiction over claims involving patent exhaustion action under 28 U.S.C. §§ 1331 and 1367; and (iii) the procedural requirements for removal set forth in 28 U.S.C. § 1446 are satisfied.[1]

---

[1] Defendants file this notice of removal without waiving any defenses including, but not limited to, any defenses enumerated in Fed. R. Civ. P. 12(b).

FEDERAL QUESTION JURISDICTION

2. Federal-question jurisdiction exists where a plaintiff's cause of action "arises under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Here, Plaintiff's third cause of action seeks a declaratory judgment that includes a "determination that Nokia's patent rights are exhausted when [Plaintiff] uses a Qualcomm chip." *See* Complaint at ¶ 79 (attached as **Exhibit A**). Plaintiff's claim, on its face, requires the Court to make a determination on patent exhaustion, and therefore, the claim being presented is exclusively within the jurisdiction of a federal court. *See, e.g.*, *Cornell Univ. v. Hewlett-Packard Co.*, No. 01-CV-1974, 2008 U.S. Dist. LEXIS 60209, at *3 (N.D.N.Y. Aug. 1, 2008) (J. Rader, sitting by designation) ("Although case law is scarce with respect to the nature of the patent exhaustion doctrine, the Supreme Court has recognized that patent exhaustion has its roots in the patent law statutory framework. . . . [W]hen the patentee has given up his right to exclude, there is no longer a statutory basis for the patentee to impose restrictions on the subsequent sale or use of the article.").

3. This Court also has jurisdiction over Plaintiff's remaining non-federal claims for breach of contract under 28 U.S.C. §§ 1367(a) and 1441(c). Those statutes provide the Court with supplemental jurisdiction over otherwise non-removable causes of action that are joined with a separate and independent claim within the jurisdiction conferred by section 1331, so long as—like here—such non-removable claims are so related to the federal claim that they form part of the same case or controversy.

4. Plaintiff's Complaint alleges that "Nokia expressly consented to jurisdiction in the Court of Chancery in its agreement with Qualcomm." Compl. at ¶ 23. To the extent Plaintiff is alleging that the Nokia-Qualcomm agreement's forum-selection clause has any

bearing on this case, Plaintiff is incorrect. For several reasons, that clause does not apply to the action by Plaintiff here.

5. For the reasons set forth above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1331. 1367 and 1441(a) and (c).

### THE OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

6. In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal. *See* 28 U.S.C. §§ 1441(a), 1446. As set forth below, Nokia has satisfied the procedural requirements set forth in 28 U.S.C. §§ 1441 and 1446.

7. A true and correct copy of the Complaint and any other papers filed in the Court of Chancery are attached collectively as Exhibit A.

8. All other Defendants consent to the removal of this action to this Court.

9. Venue is proper. The court in which this action was commenced is within this District. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

10. Defendant timely files this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint in the Delaware Court of Chancery. *See* 28 U.S.C. § 1446(b). Defendant Nokia of America Corp. received service of process by delivery of the Summons and Complaint on February 3, 2021 to its registered agent for service of process.

11. Defendants will file a written notice of the filing of this Notice of Removal with the Clerk of the Court of Chancery (attached as **Exhibit B**) concurrently with filing this Notice of Removal and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

12. The Parties have entered a stipulation, entered by the Court of Chancery, that Nokia shall have until April 9, 2021, to answer or otherwise respond to the Complaint, so Federal Rule of Civil Procedure 81(c)(2) does not apply. (*See* **Exhibit A** at 152 (Feb. 24, 2021 Order).)

13. **WHEREFORE**, this action is removed from the Delaware Court of Chancery to the United States District Court for the District of Delaware.

    */s/ Kelly E. Farnan*
Blake Rohrbacher (#4750)
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
rohrbacher@rlf.com
farnan@rlf.com

Matthew D. Richardson (*pro hac vice to be filed*)
matt.richardson@alston.com
Mark A. McCarty (*pro hac vice to be filed*)
mark.mccarty@alston.com
Andrew J. Tuck (*pro hac vice to be filed*)
andy.tuck@alston.com
**Alston & Bird LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

*Attorneys for Defendants Nokia Corporation, Nokia of America Corporation, Nokia Solutions and Networks Oy, and Nokia Technologies Oy*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY E-MAIL AND HAND DELIVERY**
Philip A. Rovner
Jonathan A. Choa
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE 19801

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
farnan@rlf.com