IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-345-MN ) |
| NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA TECHNOLOGIES OY, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Philip A. Rovner, Jonathan A. Choa, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Matthew W. Holder, Martin R. Bader, Michael K. Heins, SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, San Diego, CA – Attorneys for Plaintiff

Kelly E. Farnan, Blake Rohrbacher, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Matthew D. Richardson, Mark A. McCarty, Andrew J. Tuck, ALSTON & BIRD LLP, Atlanta, GA – Attorneys for Defendants

November 15, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff Continental Automotive Systems, Inc.'s ("Continental") Motion to Remand this case to the Delaware Court of Chancery pursuant to 28 U.S.C. § 1447(c) and for an award of attorneys' fees and costs. (D.I. 5). Defendants Nokia Corporation, Nokia of America Corporation, Nokia Solutions and Networks Oy, and Nokia Technologies Oy (collectively "Nokia") oppose remand and the award of Continental's attorney's fees and costs. (D.I. 9). For the reasons set forth below, Continental's motion will be granted-in-part and denied-in-part, and this action will be remanded to the Delaware Court of Chancery.

## I.   BACKGROUND

Continental is a "provider of cutting-edge automotive components, including gateway products, telematics control units (TCUs), network access devices (NADs) and other devices that use telecommunications technology" and implement various cellular standards. (D.I. 1-1, Ex. A, ¶¶ 1, 7). Nokia claims to own certain patents that are essential to cellular standards adopted by various standard-setting organizations ("SSOs"). (*Id.* ¶ 4). Patents that are essential to a given standard are referred to as standard-essential patents or SEPs. Continental alleges that Nokia's patents are "subject to the express and voluntary promises Nokia made to the relevant SSOs pursuant to their Intellectual Property Rights ("IPR") Policies. (*Id.* ¶ 5). Such IPR Policies all require Nokia to license its alleged SEPs to any user of the standard that requests a license, and [to] do so on [fair, reasonable, and non-discriminatory ("FRAND")] terms and conditions." (*Id.*)

Continental has been seeking a license on FRAND terms from Nokia since 2017. (*Id.* ¶ 8). After failing to come to an agreement, on January 25, 2021, Continental filed a breach of contract action in the Delaware Court of Chancery alleging that Nokia refused "to license [SEPs] relevant to the 2G, 3G, and 4G cellular standards to Continental and its suppliers on [FRAND] terms." (*Id.*

1

¶ 1). Continental alleged that "Nokia has been targeting Continental customers," "demand[ing] non-FRAND rates, and threaten[ing] patent infringement lawsuits and injunctions" against Continental customers. (*Id*. ¶ 48). Continental alleged that Nokia has engaged in "misbehavior" and has "attempted various half-measures in an effort to create the misleading impression that it was willing to deal with Continental and other suppliers." (*Id*. ¶¶ 50-51). It was not until September 2020 that Nokia offered Continental a "partial direct license to Nokia's SEPs" but the offered terms were "still deficient and non-FRAND in numerous respects." (*Id*. ¶ 52). Continental asked the Chancery Court to "(1) address Nokia's breaches of contract, (2) obtain a declaration that Continental is entitled to a direct license covering all of its products which practice the cellular standards, (3) obtain a declaration that Nokia's demanded terms are not FRAND, and (4) obtain, through injunctive relief, a FRAND license to Nokia's SEPs." (*Id*. ¶ 11). In its declaratory judgment count, Continental requested, among other things, a "determination that Nokia's patent rights are exhausted when Continental uses a Qualcomm chip, by virtue of Nokia's agreement with Qualcomm." (*Id.* ¶ 79).

On March 5, 2021, Nokia filed a Notice of Removal asserting that "this Court has original federal question jurisdiction over claims involving patent exhaustion action under 28 U.S.C. §§ 1331 and 1367." (D.I. 1 ¶ 1). Thereafter, Continental filed the instant motion to remand this action to the Delaware Court of Chancery and for an award of fees and costs. (D.I. 5). Briefing on the instant motion was completed on April 2, 2021. (D.I. 10).[1]

---

[1] On April 9, 2021, Nokia filed a motion to dismiss this case (D.I. 11), which Continental has opposed (D.I. 22). On April 20, 2021, Nokia filed a motion to transfer venue (D.I. 16), which Continental has opposed (D.I. 29). Because the Court will grant Continental's motion to remand, Nokia's motions to dismiss (D.I. 11) and transfer (D.I. 16) are denied as moot and may be raised, to the extent appropriate, with the Chancery Court.

2

## II.     LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing . . . that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel–Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). A district court shall remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

Federal question jurisdiction is established by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts have exclusive jurisdiction over civil actions "arising under" federal patent law under 28 U.S.C. § 1338(a). That exclusive jurisdiction is not unlimited, however, and "§ 1338(a) jurisdiction . . . extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). A case invoking a "federal patent-law defense does not, for that reason alone, 'arise under' patent law" and therefore federal question subject matter jurisdiction might not exist in all cases that reference patent law. *Id*. at 809 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,

463 U.S. 1, 13 (1983)).  For a claim to "arise under" patent law, the reason the plaintiff may or may not be entitled to relief for their claim, or the overall success of the claim, must relate to patent law.  *See id*. at 809-10.

### III.  DISCUSSION

Continental argues that the Court should remand this action because, pursuant to 28 U.S.C. § 1447(c), "this case does not raise a question of federal law and, consequently, there is no federal subject matter jurisdiction." (D.I. 5).  The Court agrees.  As discussed below, Nokia has not shown that Continental's request for a declaratory judgment regarding patent exhaustion created federal question jurisdiction.

**A.  This Court Does Not Have Subject Matter Jurisdiction Over Continental's Breach of Contract Claims**

**1.  Patent Exhaustion, a Defense to Patent Infringement, Does Not Establish Subject Matter Jurisdiction in This Case.**

As noted above, federal patent jurisdiction "extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson*, 486 U.S. at 808-09.  This two-pronged analysis is sometimes referred to as the "*Christianson* test."  To evaluate whether patent law is a necessary element of the well-pleaded claims, a court must look to "the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Nokia argues that subject matter jurisdiction exists because Continental's declaratory judgment claim references patent exhaustion.  (D.I. 9 at 5).

The Federal Circuit has held that patent jurisdiction does not extend to a case solely because of reference to a patent law defense. *See ExcelStor Techs., Inc. v. Papst Licensing GmbH & Co. KG*, 541 F.3d 1373 (Fed. Cir. 2008). More specifically, "[a] claim does not arise under the patent laws if a patent issue appears only in a defense to that claim" and "patent exhaustion is a defense to patent infringement, not a cause of action." *Id*. at 1376. In *ExcelStor*, the Federal Circuit determined that federal patent jurisdiction did not exist because "patent law [was] not a necessary element" of analyzing whether the defendants were improperly collecting two sets of royalties in contravention of the licensing agreement. *Id*. at 1377. Because the royalty determinations and interpretation of the licensing agreement were not substantial questions of patent law, and thus not within the ambit of the federal court, the claims were "properly made . . . by state . . . courts, under state law of contract and fraud." *Id*. Therefore, the court determined that citing patent exhaustion as a basis for subject matter jurisdiction showed a "fundamental[] misunderstand[ing] [of] the nature of the patent exhaustion doctrine" because "patent exhaustion is a defense to patent infringement, not a cause of action." *Id*. at 1376.

This Court is persuaded that *ExcelStor* applies here. As in *ExcelStor*, here, patent law is not a "necessary element" of Continental's claim that Nokia has breached its contractual obligations to license SEPs on FRAND terms. It appears that Continental's "right to relief" depends on interpretation of contracts, not patent law, because "Continental's claims are all a function of Nokia's two contracts" and this "require[s] the Court to interpret the effect of those two contracts[.]" (D.I. 10 at 2). Therefore, because interpretation of Nokia's two agreements does

not require a patent law determination, this claim is properly made by a state, not a federal, court under state law of contract and the case must be remanded.[2]

### 2. The Existence of a Hypothetical Patent Infringement Lawsuit Is Insufficient to Establish Subject Matter Jurisdiction in This Case.

Nokia also contends that the existence of a hypothetical, threatened lawsuit which could be brought against Continental for patent infringement satisfies the requirements for subject matter jurisdiction. (*See* D.I. 9 at 7). In declaratory judgment actions, "the court [will] examine the declaratory ***defendant's*** hypothetical well-pleaded complaint to determine if subject matter jurisdiction exists." *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011) (emphasis in original). Although "a specific threat of infringement litigation by the patentee is not required to establish jurisdiction," *id*. at 1348 (quoting *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009)), "a substantial controversy [must exist], between parties hav[ing] adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Here, Nokia asserts that by referencing patent exhaustion Continental is revealing a fear that Nokia will bring a hypothetical suit for patent infringement. (*See* D.I. 9 at 1). But Nokia's arguments are conclusory at best. Nokia points to no facts in the record, or any prior statements made by Continental that suggest that Continental's true motive behind the reference to patent exhaustion in its declaratory judgment claims is fear of patent infringement litigation from Nokia. (D.I. 10 at 5). Moreover, even if this Court were to agree with Nokia as to Continental's motives,

---

[2] The Court disagrees that *ExcelStor* is inapplicable, as Nokia argues, because "[t]he patentee in ExcelStor . . . could not bring an infringement action because its prior patent infringement suit was dismissed ***with prejudice*** following settlement." (D.I. 9 at 8) (emphasis in original).

6

there is still a lack of sufficient immediacy and reality of such a patent infringement action to give rise to subject matter jurisdiction. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (stating that "declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee."); *see also Allied Min. Prod., Inc. v. Osmi, Inc.*, 870 F.3d 1337, 1339 (Fed. Cir. 2017) (concluding that "[d]eclaratory judgment jurisdiction requires some affirmative act by the patentee" and threatening litigation against plaintiff's customers was not considered an affirmative act); *see also ABB Inc.*, 635 F.3d at 1349 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) ("there was a controversy 'of sufficient immediacy and reality' surrounding infringement 'to warrant the issuance of a declaratory judgment.'"). Nokia has not initiated, or even threatened, an infringement lawsuit against Continental. To the contrary, Nokia has expressly disavowed the possibility of such a lawsuit. (D.I. 10 at 5).[3]

### B. Continental Is Not Entitled to Attorney's Fees and Costs

Continental requests attorney's fees and costs for improper removal under 28 U.S.C. § 1447(c) citing "the lack of merit in Nokia's decision to remove." (D.I. 6 at 2). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Payment of attorney's fees and costs is only appropriate if "the removing party lacked an

---

[3] In prior litigation with Continental arising out of the current FRAND licensing dispute, Nokia successfully argued that Continental's declaratory judgment claim was not ripe because Nokia had not "threatened Continental with infringement litigation, an injunction proceeding, or other denial of access to patented technology." *Continental Automotive Systems, Inc., v. Avanci, LLC*, et. al., No. 19-2933, D.I. 270-1 at 1 (N.D. Tex. July 23, 2019).

objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141; *Branson v. Mestre*, 2017 WL 2615749, at *6 (D. Del. June 16, 2017) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Here, however, the Court cannot find that removal was objectively unreasonable because Defendant's subject matter jurisdiction argument is "not without arguable support." *Soares v. Cont'l Motors, Inc*, 2020 WL 4437296, at *5 (D. Del. Aug. 3, 2020). Therefore, Continental's request for attorney's fees and costs is denied.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Nokia's motion to remand, but denies the request for attorney's fees and costs. An appropriate order will issue.